To: Ministry of Justice
of the United States of America

Dear Sir/Madam,

General Office of Public Prosecutor of the Republic of Kazakhstan pay high respect to the Ministry of Justice of the United States of America and on the principles of mutual help and international practice have honor to make a request on the following question.

The Department of Financial Police of the city of Almaty have in execution criminal case # 047502230034 brought against Larionov Y.M. according to paragraph 3b of Article 177 of the Criminal Code of the Republic of Kazakhstan (fraud).

The necessity to conduct investigative actions in the territory of the United States of America occurred in the course of investigation of this case.

In connection with the foregoing, we assign you the commission concerning legal assistance with the above case.

We would greatly appreciate if you forward materials of the completed commission to its initiator and inform General Office of Public Prosecutor of the Republic of Kazakhstan.

Taking advantage of the opportunity, I express hope for further mutually profitable cooperation between the Federal Ministry of Justice of the United States of America and General Office of Public Prosecutor of the Republic of Kazakhstan.

Yours faithfully,

**Deputy General Public Prosecutor**
**of the Republic of Kazakhstan**                              A. Toleukhanov

Enclosed are Annexes on        pages.

To Relevant Authority
of the United States of America

### Commission to Render Legal Help

The Financial Police Administration of the City of Almaty (Republic of Kazakhstan) has in execution Criminal Case # 047502230034 in respect of Director of FinEc LLP LARIONOV, Eugeniy Mikhailovich, accused in perpetration of the crime provided by Art. 177 p. 3 b of the Criminal Code of the Republic of Kazakhstan (fraud, i.e. embezzlement of property or purchase of property rights through fraud or breach of trust).

### In was established in the process of investigation:

Credit Contract # 20527 was entered into on April 21, 2000 by and between American Fund of Business Undertakings Support in Central Asia (hereinafter referred to as AFBUCA), represented by its Vice-President Veronica JONES, hereinafter referred to as "Creditor"; FinEc LLP, represented by its Director LARIONOV, Evgeniy Mikhailovich, hereinafter referred to as "Borrower", and Bank Center Credit OJSC, represented by its Chairman of the Board of Directors Vladislav LI, hereinafter referred to as "Bank". According to this Contract, Creditor agreed to award to Borrower the sum of 220 000 USD. The credit should have been used for the purchase of an offset five-color machine POLLY 755 PBV with the reverting device for 144 950 USD, which should have been purchased as per Contract # 30/5D/23-13 dd. November 22, 1999 with SURUCHAN Company (Prague, Czechia) and Technology of Imaging LLP, and then for the purchase of printing equipment with the cost of 75 050 USD, which should have been bought as per Contract without name dd. February 02, 2000 with SANA-L LLP, hereinafter referred to as "SURUCHAN Company and SANA-L LLP – Suppliers".

It was stated also in Credit Contract # 202527 dd. April 21, 2000 that, if at the moment of credit awarding, Borrower had used the above monies from other sources; the credit might be used for payment of Borrower's debts to those sources, provided that Borrower would present proofs of payment for the above object satisfying Creditor and Bank.

Credit Contract # 15 dd. February 04, 2000 entered into by and between Almaty City Branch of Bank Center Credit OJSC, hereinafter referred to as "Bank", represented by Nugmanov M.H., and FinEc LLP, hereinafter referred to as "Borrower", represented by Larionov E.M., was taken out from the Bank. As per this Contract, Bank awarded Borrower the credit for the amount of 97 350 USD, and as per Contract # 30 dd. March 14, 2000, Bank awarded Borrower the credit for the amount of 44 600 USD.

According to the conditions of Credit Contract # 15 dd. February 04, 2000 and Credit Contract # 30 dd. March 14, 2000, the credit was awarded for purchase of printing equipment on the base of Contract # 30/5D/23-13 dd. November 22, 1999 with SURUCHAN Company (Prague, Czechia) and Technology of Imaging LLP, and then for the purchase of printing equipment with the cost of 75 050 USD, which should have been purchased as per Contract without name dd. February 02, 2000 with SANA-L LLP.

In the credit dossier of ACB Bank Center Credit OJSC, there are documents on supply by SANA-L LLP to the address of FinEc LLP of the rabbeting 4-folding machine PIVANO model GT 52x80P # 118466 for the amount of 55 000 USD; the printing machine RYOBI-NP # 1096 for the amount of 15 000 USD, and the binding machine of seamless binding on the base of hot adhesive HOTMELT ARSEGO model THEMA 4205 # 2800 for the amount of 5 050 USD, all for the total amount of 75 050 USD.

During a counter inspection in SANA-L LLP, it was discovered that the above equipment had not been supplied to the address of FinEc LLP, and the documents about the supposedly committed transaction had been provided only formally.

Interrogated in the process of investigation, Chief of Production Department of FinEc LLP Pegova O.F. testified that the equipment under Sales Contract dd. February 02, 2000, namely: rabbeting 4-folding machine PIVANO model GT 52x80P # 118466; printing machine RYOBI-NP # 1096; and binding machine of seamless binding on the base of hot adhesive HOTMELT ARSEGO model THEMA 4205 # 2800 for the total amount of 75 050 USD, had not been purchased by FinEc LLP in 2000-2001, because it had been present and had been received from Karzhy-Karazhat in 1999. She told that she had been working for FinEc LLP on the position of Chief of Production department since 1999 and she knew well what equipment FinEc LLP possessed. She told also that if SANA-L LLP or any other enterprise had supplied the above equipment to FinEc LLP, she would have known about it by virtue of her duties.

So, Larionov E.M., by the way of fraud and abuse, under the pretext of purchase of the printing equipment that had already been present in FinEc LLP from SANA-L LLP for the total amount of 75 050 USD, received from ACB Bank Center Credit OJSC the credit, and, as a confirmation of the supposedly purchased equipment, presented wittingly false documents to the Bank, and stole the received credit in the amount of 75 050 USD with the use of his official position.

At the present time, there is the necessity to determine the actual cost of the equipment purchased by FinEc LLP as per Contract # 30/5D/23-13 dd. November 22, 1999 with SURUCHAN Company (Prague, Czechia) and Technology of Imaging LLP.

Thus, as per Contract # 30/5D/23-13 dd. November 22, 1999, entered into by and between FinEc LLP, hereinafter referred to as "Purchaser", represented by Larionov E.M., SURUCHAN Company (Prague, Czechia), represented by General Manager Maiski A.V., hereinafter referred to as Seller, and Technology of Imaging LLP, hereinafter "Payer", represented by Director Luts E.A., Seller had sold and Purchaser had bought the printing machine as per Schedule 1. The cost of the Contract is 223 036 USD.

The following details are specified in Schedule 1 to Contract # 30/5D/23-13 dd. November 22, 1999:

1. Offset 5-color machine POLLY 755 PBV with a turning device with the cost of 190 836 USD;
2. Export package - 2 400 USD;
3. Compressor BECKER, 1 pc., with the cost of 1 800 USD;
4. Pin register: Clamp MONTALOG (planks + perforator) for the amount of 4 500 USD;
5. Remote control of form cylinders INKDOT for the amount of 14 000 USD;
6. Putting into operation, engineering setup for the amount of 2 500 USD;
7. Cost of equipment transportation for the amount of 5 000 USD;
8. Services of Payer for the amount of 2 000 USD.

Total cost of the Contract is 223 036 USD.

Payment on the above Contract was made as per Passport of Transaction # 2\1 (2\2) 30722009\000\9.006973 dd. December 10, 1999.

Purchaser: FinEc LLP, Code OKPO 39006384; address: 191-a Karasai-Batyra Str., Almaty, Bank Account ███████, TRN (Taxpayer Registration Number) ███████.

Payer: Technology of Imaging LLP, Code OKPO 39083456, address: 90, Gagarina Str., Almaty, Bank Account ███████, TRN ███████.

Seller: SURUCHAN, Czechia, address: Na Jarove, 2671, Praha 3, 4 Czech Republic; Bank Essential Elements for foreign partners: Deutsche Bank AG, Max-Reger Straße 9,92637, Account # ▇▇▇▇▇▇, representative in Moscow: tel. (095) 426-5638 Deutsche Bank Filiale Weiden I.D. Orf Account # ▇▇▇▇▇▇, SURUCHAN, T.Majska Deutsche Bank AG, Max-Reger Straße 9,92637 Weiden, Germany, General Manager Maiski A.V.

Payment on Contract # 30/5D/23-13 dd. November 22, 1999 was made by Technology of Imaging LLP as per the following Applications for Money Transfer and with the following bank essential elements:

1. Deutsche Bank AG, Max-Reger Straße 9,92637:
   - Application for Money Transfer # 22 dd. June 27, 2000 for the amount of 8 300 USD;
   - Application for Money Transfer # 21 dd. June 22, 2000 for the amount of 77 875 USD;
   - Application for Money Transfer # 18 dd. May 17, 2000 for the amount of 21 000 USD;
   - Application for Money Transfer # 17 dd. May 10, 2000 for the amount of 15 200 USD;

2. Beneficiary Account # ▇▇▇▇▇▇, name of the Beneficiary: Century Link LLC, Street: 1220 N Market Street, Suite 606; City, Country: Wilmington, DE 19801 USA. Beneficiary Bank: Baltic Transit Bank; City, Country: 13 Janvara Street 3 LV 1050, Riga Latvia; Names or Number of Department SWIFT BIC: BKTR US 33; destination of the payment: Payment for SURUCHAN (Application for Money Transfer # 75 dd. September 21, 2001 for the amount of 20 000 USD);

3. Beneficiary Bank: Deutsche Bank AG: City, Country: Weiden, Germany, Name or Number of Department: Max-Reger Straße 9,92637
   - Application for Money Transfer # 28 dd. May 30, 2001 for the amount of 3 000 USD;

4. Beneficiary Bank: Deutsche Bank Filial Weiden I.D. Orf T. Majska Deutsche Bank AG. Max-Reger Straße 9,92637 Weiden, Germany
   - Application for Money Transfer # 4 dd. February 11, 2000 for the amount of 22 305 USD;

5. Beneficiary Bank: Deutsche Bank AG.4 Czech Republik Max-Reger Straße 9,92637 Weiden, Germany
   - Application for Money Transfer # 22 dd. July 21, 2000 for the amount of 17 000 USD;
   - Application for Money Transfer # 25 dd. April 13, 2001 for the amount of 4 990 USD.

Supply of the equipment was made on the ground of Customs Freight Declaration 50200\18070\1010627 dd. July 10, 2000; according to it, it was ascertained that the goods — machine for offset printing, 1 unit, 3 pieces for the amount of 221 036 USD, was delivered to Almaty on the ground of 2-CMP 1587675 dd. July 18, 2000; 4-30/5D/23-13 dd. November 22, 1999, INV 1200010 dd. July 03, 2000; 7V-SPT 001590 dd. July 04, 2000 on the truck OPL 4477\OPM09-34.

On the grounds of the above mentioned, guided Articles 523, 524 of Procedural Criminal Code of the Republic of Kazakhstan, I ask you to render legal help and perform the following investigations in the territory of the United States of America:

1. To establish the owner of Beneficiary Account # ▇▇▇▇▇▇ Name of Beneficiary: Century Link LLC, Street: 1220 N Market Street, Suite 606; City, Country: Wilmington, DE 19801 USA, on whose name in Beneficiary Bank: Baltic Transit Bank; City, Country: 13 Janvara Street 3 LV 1050. Riga Latvia; Names or Number of Department SWIFT BIC: BKTR US 33, on the 21st of September, 2001, on the ground of Application for Money Transfer # 75, 20 000 USD were received from Technology of Imaging (Republic of Kazakhstan) as payment for SURUCHAN, with enclosure of certified copies of bank documents about the ownership of this Bank Account and about the fact of receipt of money?

2. What person or organization has been residing for the period since the moment of opening of the above account and up to the present time at the address: Century Link LLC, Street: 1220 N Market Street, Suite 606; City, Country: Wilmington, DE 19801 USA?

3. What relation does this person or organization have to SURUCHAN Company (Czech Republic), FinEc LLP, and Technology of Imaging LLP (Republic of Kazakhstan). If this person does have any relations with the above legal entities, would you enclose the confirming documents?

4. Who received and how then were the received money in the amount of 20 000 USD used, would you enclose the confirming documents?

5. Was any other money from the following legal entities of the Republic of Kazakhstan received on the above account: Technology of Imaging LLP, FinEc LLP, LEM LLP, Publishing House LEM LLP, Publishers LEM LLP, if yes, when and to the address of which enterprise, on what payment documents, in what amount, with enclosure of confirming bank documents?

6. Would you establish registration of the truck OPL 4477\OPM09-34?.

7. In case of establishing the truck owner, would you interrogate the latter with asking the following questions:
   - Does he know any employees or officials of SURUCHAN Company, FinEc LLP, and Technology of Imaging LLP, if yes, whom exactly, in what circumstances he got acquainted with such employee or official, and whether he entered into any agreement, contract, etc. with the above enterprises on transportation to the city of Almaty, Republic of Kazakhstan, of such equipment or goods?
   - Was any shipment transported by him on the above truck to city of Almaty, Republic of Kazakhstan, for the period from 2000 to 2001, if yes, what shipment, to what address, who was consignor and consignee, what amount was paid for delivery of goods, with enclosure of confirming documents?

EXTRACT
from
Criminal Code of the Republic of Kazakhstan

*Article 177. Fraud.*

1. Fraud, i.e. theft of someone else's property or acquisition of rights for someone else's property through deception and breach of trust, -
    is punished with a penalty in the amount from two hundred up to seven hundred monthly calculated indices or in the amount of the salary or any other income of a convict for a period from two up to seven months or with attraction to public works for a period from one hundred eighty to two hundred forty hours, or with correctional works for a period of up to two years, or arrest for a term of up to six months, or limitation of liberty for a term of up to three years, or imprisonment for the same term.

2. Fraud, committed:
    a) by a group of persons in prior agreement;
    b) repeatedly;
    c) with the use of one's official position, -
    is punished with a penalty in the amount from seven hundred up to one thousand monthly calculated indices, or in the amount of the salary or any other income of a convict for a period from five months up to one year, or with limitation of liberty for a period of up to four years, or imprisonment for a term from two up to six years, with confiscation of property or without it.

3. Fraud, committed:
    a) by an organized group;
    b) in big size;
    c) by a person convicted before two or more times for theft or blackmail
    is punished with imprisonment for a term from two up to six years, with confiscation of property.

Enclosed: Application for transfer # 75 dd. September 21, 2001 of the amount of 20 000 USD; Passport of Transaction # 2\1 (2\2)307722009\000\9.006973 dd. December 10, 1999; Receiving Order to Passport of Transaction # 2\1 (2\2)307722009\000\9.006973 dd. December 10, 1999; Contract # 30/5D/23-13 dd. November 22, 1999 on 4 pages; Schedule 1 to Contract # 30/5D/23-13 dd. November 22, 1999; Additional Agreement # 2 dd. April 02, 201 on one page; Addendum to Contract dd. June 01, 2000 on one page, and Additional Agreement # 4 dd. June 25, 2001.

We ask you to forward the fulfilled commission on rendering legal help to the address: 15 Zhibek Zholy Str., Almaty 480002 Republic of Kazakhstan. Telephone: (8-3272) 301-848, e-mail: taxpolalm@nursat.kz.

**Thank you for your cooperation.**

**Best regards,**
**Senior Investigator of Investigation Department**
**of Financial Police Administration**
**of the City of Almaty,**
**Major of Financial Police**          (Signature)   Sissingaliyev G.Z.